IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Frasier, | ) | Case No. 2:23-cv-04163-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. Daniel Pritchard; Steven Hall; North Charleston Police Department, SC, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' motion to dismiss. ECF No. 19. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On June 24, 2024, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 29. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 31.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff alleges that his constitutional rights were violated during a traffic stop that occurred on August 13, 2013, and ultimately resulted in his arrest.[1]  Defendants assert that this action is subject to dismissal because: Pritchard and Hall are being sued in their official capacities pursuant to the South Carolina Tort Claims Act, the North Charleston Police Department is not a "person" subject to suit under § 1983, and Plaintiff's claims are outside the applicable statute of limitations.

The Magistrate Judge found that Plaintiff alleged no state law claims; accordingly, dismissal of South Carolina Tort Act claims is unnecessary.  He further found that Plaintiff had alleged sufficient allegations such that dismissal of the North Charleston Police Department and Plaintiff's claims against Pritchard and Hall in their official capacities was inappropriate; he also determined that Defendants failed to establish that Pritchard and Hall are entitled to Eleventh Amendment immunity.  No party has objected to this portion

---

[1] The Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.

of the Report.  Accordingly, upon review for clear error, the Court agrees with and adopts the reasoning of the Magistrate Judge.

Finally, Defendants contend that Plaintiff's claims are subject to dismissal as the events occurred outside the applicable statute of limitations.  The Magistrate Judge agreed.  He determined that the applicable statute of limitations with respect to Plaintiff's claims is three years and that the causes of action accrued at the time of the search in 2013.  Accordingly, the Magistrate Judge recommends finding that this action, which was brought in August 2023, alleges claims outside the applicable statute of limitations and is subject to dismissal.

As noted above, Plaintiff filed objections.  Upon review, the objections do not appear to address the findings and conclusions of the Report and instead restate his claims.  Nevertheless, out of an abundance of caution for a pro se party, the Court has reviewed this portion of the Report, the record, and the applicable law de novo.  Upon such review, the Court agrees with the recommendation of the Magistrate Judge.  *See Smith v. Travelpiece*, 31 F.4th 878, 888 (4th Cir. 2022) ("Plaintiffs only allege a search and seizure of property that violated the Fourth Amendment. That claim accrued when Trooper Travelpiece performed the unlawful search in 2014.").

Therefore, upon review the Court adopts the recommendation of the Magistrate Judge.  The motion to dismiss [19] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 16, 2024
Spartanburg, South Carolina